534 A.2d 496

**Louise BORYSOWSKI, Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1987.

Filed Dec. 4, 1987.

John Shniper, Spring City, for appellant.

Louis E. Bricklin, Philadelphia, for appellee.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

MONTEMURO, Judge:

Appellant Louise Borysowski appeals from the order of the Court of Common Pleas of Philadelphia County which granted summary judgment in favor of State Farm Automobile Insurance Company, appellee herein.

The sequence of events leading up to the present appeal occurred in the following manner. On November 13, 1977 appellant sustained injuries resulting from an automobile accident. Appellant filed a timely claim for no-fault benefits against appellee, her automobile insurance carrier, under the Pennsylvania No-fault Motor Vehicle Insurance Act (hereinafter "No-fault Act").[1] Appellee began paying no-fault benefits to appellant but ceased making payments on January 10, 1983. Thereafter, on October 7, 1985 appellant instituted an action seeking additional no-fault benefits from appellee. By way of new matter appellee asserted that appellant's claim was time barred by the two year statute of limitations contained in the No-fault Act. 40 P.S. § 1009.106(c)(1). The trial court granted appellee's subsequent motion for summary judgment, holding that appellant's claim was barred since it was not filed within two years from the date of the last payment of benefits, as required by Section 106(c)(1) of the No-fault Act. This timely appeal followed. We affirm.

The problem presented in this appeal results from the fact that between the time of appellee's last payment of benefits to appellant on January 10, 1983 and the commencement of appellant's action on October 7, 1985, the No-fault Act was repealed and replaced with the Motor Vehicle Financial Responsibility Law (hereinafter "Financial Responsibility Law").[2] Appellant contends that the repeal of the No-fault Act on October 1, 1984, prior to the filing of his cause of action on October 7, 1985, makes the general six year statute of limitations governing contractual obligations applicable to his case, rather than the two year statute of limitations contained in the No-fault Act.[3]

1. Act of July 19, 1974, P.L. 489, 40 P.S. 1009.101, *et seq.*, *repealed* by Act of February 12, 1984, P.L. 26, No. 11, Section 8(a), *effective* October 1, 1984.

2. Act of February 12, 1984, P.L. 26, No. 11, 75 Pa.C.S.A. § 1701, *et seq.*, effective October 1, 1984.

3. We note that appellant contends that the applicable statute of limitations is set forth in the Judicial Code at 42 Pa.C.S.A. § 5527, which provides six years for the commencement of an action. However, if appellant's contention were correct that the periods of limitations set

Initially we recognize that our scope of review of the entry of summary judgment is limited to a determination of whether the trial court has committed an error of law or manifestly abused its discretion. *Peters Township School Authority v. U.S. Fidelity and Guaranty*, 78 Pa.Cmmw.Ct. 365, 370, 467 A.2d 904, 906 (1983). In determining the propriety of the granting of a motion for summary judgment we must:

> [a]ccept as true all well pleaded facts in the non-moving party's pleadings, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom. To uphold summary judgment, there must be not only an absence of genuine factual issues, but also entitlement to judgment as a matter of law.

*Bragg v. State Automobile Insurance Association*, 350 Pa.Super. 257, 261, 504 A.2d 344, 346 (1986).

Section 106(c)(1) of the No-fault Act provides:

> If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefore may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; *may be commenced not later than two years after the last payment of benefits.*

40 P.S. 1009.106(c)(1) (emphasis added).

An examination of Section 106(c)(1) reveals that it contains two limitations provisions, one of which is limited in application to claimants who have not already received

forth in the Judicial Code apply to insurance contracts, the provision governing the present case would be the four year limitation provision contained in 42 Pa.C.S.A. § 5525(8). In any event, the parties concede that if the two year limitations period contained in the No-fault Act applies, then appellant's claim is barred; however, if either the four or six-year limitations periods apply, then appellant's claim is viable.

no-fault benefits, and the other to claimants who have previously received benefits. The first sentence of Section 106 places a time constraint on claimants within which they must assert their initial claim against an insurer for no-fault benefits. The second sentence, the one with which we are concerned, provides an extension of time to claimants who were previously receiving no-fault benefits in accordance with the provisions of the No-fault Act. It grants these claimants a two year extension from the date of last payment of benefits within which to file any additional claim that they may have against an insurer. In *Sachritz v. Pennsylvania National Mutual Casualty Insurance Company*, 500 Pa. 167, 455 A.2d 101 (1982), our supreme court discussed the relationship of Section 106(c) to the other provisions of the No-fault Act and with respect to previously enacted statutes of limitation. The court reasoned:

> In 1974, the General Assembly undertook in the No-fault Insurance Act 'to establish at a reasonable cost to the purchaser of insurance, a statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims.' In so doing, the legislature was clearly attempting to provide an alternative to the existing system of tort litigation without completely eliminating it for those cases of graver injuries and greater than normal economic burdens to victims and their survivors. It is also quite clear, in spite of the insurance law phraseology, that the legislature, in addressing the question of what type of time limitation to apply to claims under this new No-fault Insurance Act, relied in Section 106(c) on the familiar limitations so long established in our statutes: two years for personal injury actions and one year for actions based on wrongful death. Although the statute now speaks of 'benefits ... arising otherwise than from death' instead of damages for personal injury' in Section 106(c)(1) and 'survivor's benefits' instead of damages for wrongful death in Section

106(c)(2), these provisions are clearly analogous to the old statutory provisions.

*Id.*, 500 Pa. at 175–176, 455 A.2d at 106.

Specifically, with respect to the second sentence of 106(c)(1), the court went on to state:

[w]e find that the second sentence in Section 106(c)(1) ... has provided appellant in this case with an extension of time from the old period of two years after the injury was done to 'a period not later than two years after the last payment of [no-fault] benefits'....

*Id.*, 500 Pa. at 177, 455 A.2d at 106.

■ It is undisputed that under the second sentence of Section 106(c)(1) appellant's claim for continued medical benefits would be barred as it was filed nearly two years and nine months after appellee's last payment of benefits. However, on October 1, 1984 the General Assembly repealed the No-fault Act. In its place the General Assembly enacted the Financial Responsibility Law, a comprehensive scheme for payment of first party benefits designed to compensate victims involved in motor vehicle accidents. 75 Pa.C.S.A. § 1701, *et seq.* The new Act also provides an internal statute of limitations similar to the one contained in Section 106(c)(1) of the No-fault Act. *See* 75 Pa.C.S.A. § 1721(a). The Financial Responsibility Law became effective on the same date that the No-fault Act was repealed. The legislation pertaining to the date of repeal of the No-fault Act and the effective date of the Financial Responsibility Law contained the following provisions:

Section 8.(a). The act of July 19, 1974 (P.L. 489, No. 176), known as the Pennsylvania No–Fault Motor Vehicle Insurance Act is repealed.

Section 9. This Act applies to insurance policies issued or renewed on or after the effective date of this act.

§§ 8(a), 9, Act of February 12, 1984, P.L. 26, No. 11, 75 Pa.C.S.A. § 1701, *et seq.*, effective October 1, 1984.

Appellant's argument starts with the general proposition that statutes of limitation do not affect the rights of the parties, but merely the remedies for enforcement of rights,

and therefore, such statutes are procedural in nature. Appellant asserts that because of the procedural characterization of statutes of limitation by the courts of this Commonwealth, the applicable statute of limitations to his claim for additional benefits is the one in effect when he filed his claim on October 7, 1985. He urges us to adopt the position that the repeal of the No–fault Act on October 1, 1984, coupled with the exclusion of insurance policies issued before October 1, 1984 from the provisions of the Financial Responsibility Law, means that the limitations period in effect at the time he filed his action could only be the six year period prescribed by the Judicial Code. See *infra* n. 4. We reject appellant's argument for several reasons.

■ We begin our analysis recognizing that in construing any legislative enactment the primary objective is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a). Moreover, courts will presume that the legislature did not intend a result which is absurd or unreasonable. 1 Pa.C.S.A. § 1922(1); *Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 497, 502, 464 A.2d 431, 434 (1983). Section 1976 of the Statutory Construction Act provides guidance in ascertaining the intention of the legislature where comprehensive statutory schemes are repealed and replaced with other legislation. That Section provides in pertinent part:

(a) The repeal of a statute shall not affect or impair any act done, or right existing or accrued, or affect any civil action pending to enforce any right under the authority of the statute repealed. Such action may be proceeded with and concluded under the statutes in existence when such action was instituted, notwithstanding the repeal of such statutes, or such action may be proceeded with and concluded under the provisions of the new statute, if any, enacted.

1 Pa.C.S.A. 1976(a). The foregoing principles demonstrate that an aggrieved party may generally proceed under the provisions of a statute under which his cause of action accrued, and which has since been repealed, or under the

provisions of the new legislation in effect when he files suit. However, the choice as to which statute governs the claim is ultimately dictated by the intention of the legislature.

In the present case appellant began receiving no-fault benefits from appellee in accordance with the provisions of the No-fault Act. At the time he received his last payment on January 10, 1983 from appellee, appellant's cause of action for additional benefits accrued. The only condition placed on enforcement of his right to receive additional benefits was that he file his claim by January 10, 1985. Through Act 11, which took effect on October 1, 1984, the General Assembly repealed the No-fault statute and simultaneously replaced it with a new comprehensive statutory scheme of financial responsibility. However, in Section 9 of Act 11 the General Assembly expressly declared that the new financial responsibility statute only applied to insurance policies issued or renewed on or after the effective date of the act.

We believe that it was the intention of the legislature to provide an orderly transition from the old statutory scheme to the new one. The express language of Section 9 of Act 11 clearly indicates that the legislature intended that the new Financial Responsibility Law would only apply to insurance policies issued or renewed on or after October 1, 1984. In so providing the legislature recognized that policies issued prior to October 1, 1984 would remain subject to the provisions of the repealed No-fault Act until such policies were renewed subsequent to the effective date of the Financial Responsibility Law. Appellant's interpretation suggests the absurd result that while claims arising under the No-fault Act but filed after the effective date of the Financial Responsibility Law would be subject to the substantive provisions of the No-fault Act, they would be subject to procedural requirements wholly external to either the new or the old comprehensive statutory scheme. Because "procedural" requirements of a comprehensive scheme like the No-fault Act are often inextricably intertwined with substantive rights created by the Act, we reject appellant's

argument that the legislature intended *sub silentio* to make claims accruing under the provisions of the No-fault Act subject to the six year limitations period in the Judicial Code.[4] If our General Assembly had desired to make claims arising under the repealed No-fault Act subject to the general 6 year limitations provision in the Judicial Code, it could have easily satisfied its desire by providing specific language to that effect. In the absence of such language we are constrained to conclude that the legislature intended insurance policies issued prior to October 1, 1984 to remain subject to the provisions of the No-fault Act, including the two year statute of limitations contained in Section 106(c)(1). *Accord, Solomon v. Presbyterian University Hospital,* 365 Pa.Super. 447, 530 A.2d 95 (1987).

■ We also note that the insurance policy entered into between appellant and appellee contained a provision which stated that payment for bodily injury would be made in accordance with the No-fault Act. In *United Plate Glass Co. v. Metal Trims Industries, Inc.,* 351 Pa.Super. 228, 232, 505 A.2d 613, 615 (1986), we faced an analogous situation. That case involved the execution of a performance and payment bond required by the Public Works Contractors' Bond Law (hereinafter "Bond Law"). 8 P.S. § 191 *et seq.* The bond was executed in favor of the Department of General Services and provided that it was subject to the Bond Law. The statute of limitations provision contained in the Bond Law was subsequently repealed by a general

---

**4.** Appellant's reliance on *Seneca v. Yale and Towne Manufacturing Co.,* 142 Pa.Super. 470, 16 A.2d 754 (1940) and *Condemnation of Real Estate by Carmichaels–Cumberland Joint Sewer Authority,* 88 Pa. Cmwlth. 541, 490 A.2d 30 (1985) is misplaced. In both *Seneca* and *Carmichaels,* the court retroactively applied a newly enacted limitations provision, which was substituted into the statutory scheme for the old provision, based on the legislature's intent that the new provision be applied to causes of action which accrued under the old statute. In contrast to the aforementioned cases, in the case at bar the legislature specifically provided that the provisions of the newly enacted Financial Responsibility Law were inapplicable to policies issued before October 1, 1984. Consequently, there is no indication that the legislature intended anything other than the provisions of the No-fault Act to continue to apply to policies issued before October 1, 1984.

provision contained in 42 Pa.C.S.A. § 5523. We held that because the bond incorporated the provisions of the Bond Law in effect at the time of its execution, it was governed by the statute of limitations contained therein. We believe that similar reasoning is applicable to the instant case. When appellant entered into an insurance agreement which incorporated the provisions of the No-fault Act, he was put on notice that any claim for initial benefits, as well as any subsequent claim, would be subject to the provisions of that act. One such provision was the two year limitations period for asserting additional claims for benefits contained in Section 106(c)(1). As the last payment to appellant was made on January 10, 1983 and appellant did not institute suit until October 7, 1985, which was nearly two years and nine months later, the trial court properly concluded that appellant's claim was time barred under 40 P.S. § 1009.-106(c)(1) of the No-fault Act.

Accordingly, the trial court's order entering summary judgment in favor of appellee is affirmed.