539 A.2d 1360

**Deloris B. SOLES, Appellee,**

v.

**PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1987.

Filed April 5, 1988.

James M. Horne, State College, for appellant.

Joseph P. Green, Bellefonte, for appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This appeal follows the trial court's ruling on cross motions for Summary Judgment. Summary Judgment in favor of Appellee, Plaintiff in the underlying action, was granted; while a like motion filed by the Appellant, defendant, was denied.

A unique factual circumstance provides the basis for the instant litigation. On January 17, 1985, Appellee was traveling as a passenger in a Renault Alliance when that vehicle was involved in an accident. Appellee suffered injuries and received benefits from Allstate Insurance Company, which had issued Appellee a policy of insurance covering a Jeep vehicle she owned. The Allstate policy was drafted in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 *et seq.*, hereinafter MVFRL. Since Appellee's expenses exceeded the amount she collected under the Allstate policy, she sought to have Appellant compensate her under the terms of a policy it had issued to the owner of the Renault Alliance. This insurance agreement was made prior to October 1, 1984, pursuant to the now repealed Pennsylvania No–Fault Motor Vehicle Insurance Act [1]. After Appellant refused to tender benefits, this action was commenced.

Appellant cites three reasons to support its dispute of the trial court's ruling requiring it to compensate Appellee. It is Appellant's position that (1) the Financial Responsibility Law expressly prohibits Appellee from recovering these benefits from Appellant; (2) the No–Fault Act has been interpreted as prohibiting the "stacking" of these sought-after first party benefits; and (3) the terms of Appellant's policy expressly preclude recovery under these circumstances. Upon review of the record, including the policies at issue, and the applicable law, we conclude Appellant's challenges to the trial court's ruling must be dismissed as meritless.

■ It is first claimed that Appellee is not entitled to recover benefits from Appellant because the MVFRL expressly prohibits Appellee from looking beyond her own policy for the recovery of first party benefits. Appellee points to the terms of the MVRFL since it "had become effective at the time of the accident which [gave] rise to

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101 *et seq.*, repealed by the Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

Plaintiff's claim." Appellant's Brief at 6. It is Appellant's position that the limitations on the "stacking" of benefits provided in Section 1717 of the MVFRL apply where a plaintiff seeks to recover expenses resulting from an accident which occurred after the effective date of the MVFRL. However, the date on which the accident occurred is not critical to Appellee's claim against Appellant. Appellee is seeking recovery based upon a *policy* Appellant had issued to the owner of the vehicle in which she was riding. This policy was issued pursuant to the No-fault Act. "The express language of Section 9 of Act 11 clearly indicates that the legislature intended that the new Financial Responsibility Law would only apply to insurance policies issued on renewed on or after October 1, 1984. In so providing the legislature recognized that policies issued prior to October 1, 1984 would remain subject to the provisions of the repealed No-fault Act until such policies were renewed subsequent to the effective date of the Financial Responsibility Law." *Borysowski v. State Farm Mutual Automobile Insurance Company*, 368 Pa.Super. 399, 534 A.2d 496 (1987). Accordingly, the policy at issue is to be interpreted in accordance with the provisions of the repealed No-fault Act.

■ More puzzling, however, is Appellant's claim that the No-fault Act and the terms of its policy prohibit Appellee from recovering under this factual situation. The policy at issue provided personal injury protection with no maximum amount for medical expenses and a maximum of $15,000.00 for work loss for those eligible persons who sustained bodily injury due to an accident resulting from the maintenance or use of a motor vehicle as a vehicle. The definition of an eligible person included "any other person who sustains injury while occupying ... the insured motor vehicle." Appellee would therefore appear to be included as an "eligible person" as that term is defined within the policy. However, Appellant relies upon specific language contained within its policy:

Exclusions:

This coverage DOES NOT APPLY to bodily injury to: ... (a) any person, except the named insured or any relative if entitled to Pennsylvania personal injury protection coverage as a self-insured or as a named insured or relative in another insurance policy.

As noted by Appellant, similar clauses prohibiting the stacking of No-fault basic loss benefits were judged to be enforceable by the courts of this Commonwealth. *See: Antanovich v. Allstate Insurance Co.,* 507 Pa. 68, 488 A.2d 571 (1985); *Wright v. National Grange Mutual Insurance Co.,* 323 Pa.Super. 559, 471 A.2d 86 (1984). Although Appellee would not dispute that the limitation found within the policy is enforceable, it is submitted that the terms of the limitation do not preclude her from recovering the benefits she seeks. Highlighted is the language of the policy which excludes coverage for any person "entitled to Pennsylvania personal injury protection coverage ... in another insurance policy." Appellant contends that Appellee's entitlement to medical expenses and work loss benefits under her own policy would require the exclusion to apply. The trial court did not accept this argument, nor will we.

Appellant's conclusion that Appellee's entitlement under her own policy precludes recovery under the policy in question, presumes that Appellee contracted for "Pennsylvania personal injury protection coverage." This term is not contained within the policy issued by Allstate to Appellee. Appellee was insured under the Allstate policy for "first party benefits." The Allstate policy issued in accordance with the MVFRL was required to provide its eligible claimant with a minimum mandatory benefit of $10,000.00 for medical and rehabilitative expenses and $5,000.00 for income loss. 75 Pa.C.S.A. § 1711. Appellee purchased insurance in these amounts and recovered these benefits. The benefit to which Appellee was entitled under the Allstate policy cannot be equated with benefits to which she would have been entitled had the policy been issued pursuant to the No-fault Act. Appellant's policy, issued in accordance with the No-fault Act, provided no maximum amount as its

limit of liability for medical expenses and a maximum of $15,000.00 as its limit of liability for work loss. The coverages afforded insureds under these two acts cannot be equated.

Since Appellee was not entitled to receive "personal injury protection coverage" under her Allstate policy, and since Appellee falls within Appellant's definition of an "eligible person", she cannot be excluded from recovering under Appellant's policy. The rationale for this decision was provided by the trial court: "the court considers the exclusion cited above to address specific circumstances arising from the No-fault Act—an insurance company would provide no benefits when an injured person could recover unlimited (No–Fault Act) medical benefits from another policy. In such a situation, an insured party such as Landmark Dodge would not have been exposed to an excess claim for medical benefits because the other insurance policy would have paid unlimited medical benefits."

Finding no factual issues in dispute and concluding Appellee was entitled to judgment as a matter of law, we affirm the trial court order granting Appellee summary judgment. *See: Curry v. Estate of Thompson*, 332 Pa.Super. 364, 366–367, 481 A.2d 658, 659 (1984).

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

The express terms of the Motor Vehicle Financial Responsibility Law (MVFRL)[1] preclude the insured from first recovering first party benefits under a MVFRL Policy in which she is a named insured and thereafter seeking recovery under a No-fault[2] policy as a victim. I would reverse the order granting benefits and therefore must dissent.

The MVFRL establishes a priority for the payment of first party benefits. 75 Pa.C.S. § 1713 provides as follows:

1. Act of February 12, 1984, P.L. 26, No. 11, § 3, effective October 1, 1984, *as amended,* 75 Pa.C.S. § 1701, *et seq.*
2. Act of July 19, 1974, P.L. 489, No. 176, § 101 *et seq.,* 40 P.S. § 1009.101 *et seq.* (repealed 1984).

### § 1713. Source of Benefits.

(a) General rule.—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

(1) For a named insured, the policy on which he is the named insured.

(2) For an insured, the policy covering the insured.

(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.

. . . .

75 Pa.C.S. § 1713(a).

Deloris B. Soles (Appellee) was a named insured under a policy issued by Allstate Insurance Company. She collected first party benefits, pursuant to § 1713(a)(1), from Allstate in the sum of $10,000. Although the MVFRL requires a carrier to make available for purchase first party medical benefits up to at least $100,000, 75 Pa.C.S. § 1715(a)(1), we may fairly assume that Appellee elected to receive the statutory minimum coverage. 75 Pa.C.S. § 1711.

Moreover, the MVFRL clearly prohibits Appellee from looking beyond her own policy for the recovery here sought. 75 Pa.C.S. § 1717 provides:

### § 1717. Stacking of benefits.

First party benefits shall not be increased by stacking the limits of coverage of:

(1) multiple motor vehicles covered under the same policy of insurance; or

(2) multiple motor vehicle policies covering the individual for the same loss.

75 Pa.C.S. § 1717.

It seems crystal clear to this writer that, without more, Appellee is precluded from pursuing benefits under the policy insuring the vehicle in which she was injured.

Even if we look to the No-fault policy issued by Pennsylvania National Mutual Insurance Company, the result must remain the same. The now-repealed No-fault Act also contains a priority of payment scheme. Section 204 of the Act provides:

**§ 204. Source of basic restoration benefits.**

(a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, ... if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) *an insured is the security under which the victim or deceased victim is insured;*

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident....

(emphasis added).

Thus, under *both* the No-fault Act and the MVFRL, Deloris B. Soles claim was appropriately made to Allstate Insurance Company for coverage under the policy issued to her.

The majority argues that since the term "personal injury protection" is not contained within the MVFRL policy issued by Allstate, and since the benefits available under the separate policies differ in amounts, the coverages afforded insureds under these two acts cannot be equated. While I might agree with this conclusion, I find it to be irrelevant to our task on this appeal.

The exclusion contained in the policy under which Appellee seeks her second recovery provides:

Exclusions:

This coverage DOES NOT APPLY to bodily injury to:

    \*      \*      \*      \*      \*      \*

Persons covered by their own auto insurance

(a) any person, except the named insured or any relative, if entitled to Pennsylvania personal injury protection coverage as a self-insured or as a named insured or relative in another insurance policy.

Exclusions in an insurance policy are valid and enforceable when drafted in appropriate fashion. *See, Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983). The exclusion at issue clearly prohibits recovery of no-fault benefits where the otherwise eligible person is a named insured under a policy other than Pennsylvania National's. This provision is clear, should therefore be enforced, and prohibits plaintiff's recovery.

Moreover, our Supreme Court has held that the stacking of work loss benefits (another category of first party benefits) is prohibited in the face of plain and unambiguous policy provisions which preclude such stacking. *Antanovich v. Allstate Insurance Co.*, 507 Pa. 68, 488 A.2d 571 (1985).

Viewed under either the MVFRL or the No-fault Act, Appellee's request for stacking of first party benefits should be denied. The order of the trial court should be reversed. Hence, this dissent.