## Murray v. Erie Insurance Exchange

*Ronald L. Slater* and *Frank C. Fogl III*, for plaintiff.

*S.E. Riley Jr.* and *Craig Murphey*, for defendant.

JIULIANTE, *P.J.*, March 2, 1990 — This matter is before the court on both parties' motions for summary judgment. The decedent-plaintiff above died on January 24, 1985, from serious personal

injuries she sustained as a passenger in a car accident on January 18, 1985. Funeral and burial expenses totalled $5549.30.

At the time of the accident, decedent was covered under a no-fault policy of automobile insurance which her mother and step-father had with defendant. Decedent's estate received funeral benefits under the policy in the amount of $1500, which benefits were called "personal injury protection" benefits.

At the time of the accident, the driver of the automobile had in effect an insurance policy under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. Said policy contained a schedule of "first-party benefits" which included funeral benefits in the amount of $2500.

Plaintiff, as personal representative of the estate, has demanded payment of the "first-party" funeral benefits payable under the driver's insurance policy. However, defendant has refused to pay the funeral benefits based on its assertion that plaintiff is attempting to "stack" funeral-benefit coverage in violation of both the No-fault Act and the FRL.

It is plaintiff's position that there is no "stacking" since the "first-party" funeral benefits recoverable under the FRL differ in kind from the "personal injury protection" funeral benefits under the no-fault insurance policy.

Plaintiff bases her rationale on the decision granting plaintiff relief in *Soles v. Pennsylvania National Mutual Insurance Co.*, 372 Pa. Super. 605, 539 A.2d 1360 (1988), allocatur granted, 557 A.2d 725 (1989). Although there are similarities between the *Soles* case and the case sub judice, this court feels plaintiff's reliance on *Soles* is misplaced. The argument advanced by defendant represents the more tenable position under existing case law.

In *Soles,* the plaintiff-passenger was injured in an automobile accident. As the plaintiff was a named insured under a policy issued pursuant to the Financial Responsibility Law, she recovered first-party medical expense benefits from that policy. Since her medical expenses exceeded her first-party benefit coverage, the plaintiff sought to recover the medical expense benefits of the no-fault policy issued to the driver of the automobile in which she had been injured. The no-fault carrier denied her application for benefits. 372 Pa. Super. at 607, 539 A.2d at 1361.

The defendant insurer advanced three arguments in support of its refusal to pay first-party medical benefits to the plaintiff. First, the defendant correctly noted that the Financial Responsibility Law expressly prohibits stacking of first-party benefits such as medical expense payments. Second, the defendant noted that the no-fault policy from which the plaintiff sought benefits also prohibited stacking of those medical expense benefits. Third, the defendant demonstrated that case law supported the legality of the anti-stacking provision contained in the no-fault policy. 317 Pa. Super. at 607, 539 A.2d at 1361.

A majority of the *Soles* court held that the plaintiff was allowed to recover the medical benefit from the second insurance policy on the basis that the "personal injury protection" coverage of the plaintiff's no-fault policy, which contained the medical expense benefit "cannot be equated" with the "first-party benefits" coverage of the Financial Responsibility policy. 372 Pa. Super. at 610, 539 A.2d at 1362. For the following reasons, this holding cannot be applied to the case at bar.

The position of the plaintiff in *Soles* is opposite to plaintiff's situation in this case. In *Soles,* the plaintiff had received first-party benefits from her own insurance carrier, and was seeking to recover no-fault

personal injury protection benefits from a second policy. Here, plaintiff has received no-fault personal injury protection ·benefits from the policy under which the decedent was an insured, and now seeks to recover Financial Responsibility first-party benefits from a second policy.

The Financial. Responsibility Law expressly prohibits stacking of first-party benefits such as funeral benefits. Plaintiff herein seeks to recover the funeral benefit of the Financial Responsibility policy issued to the owner of the automobile in which the decedent was a passenger. The law is such that the terms of the insurance policy from which benefits are sought dictate disposition of the claim. *Soles*, 372 Pa. Super. at 607-8, 539 A.2d at 1362. The provisions of the car owner's policy and the law under which it must be construed indicate that plaintiff's demand for funeral benefits must be denied.

The Financial Responsibility policy provides the following:

*"Priorities of Policies"*

"We will pay first-party benefits in accordance with the following order of priority. *We will not pay if there is another insurer at a higher level of priority*. The priority levels shown are in descending order from highest to lowest:

"First—The insurer providing benefits to the eligible person as a named insured.

"Second—The insurer providing benefits to the eligible person as an insured who is not a named insured under another policy providing coverage under the Pennsylvania Motor Vehicle Responsibility Law.

"Third—The insurer of the motor vehicle which the eligible person is occupying at the time of the accident. . . . " (emphasis supplied)

This priority provision has been adjudged fully enforceable by the Superior Court:

"[T]he policy term excluding coverage where there exists coverage at a higher priority level is fully enforceable. The provisions . . . are unambiguous and there exists no basis upon which not to afford their application." *Laguna v. Erie Insurance Group,* 370 Pa. Super. 308, 314, 536 A.2d 419, 422 (1988).

The priority provisions are set forth in the FRL itself:

"§1713. *Source of Benefits* —

"(a) *General Rule* — Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first-party benefits against applicable insurance coverage in the following order of priority:

"(1) For a named insured, the policy on which he is the named insured.

"(2) For an insured, the policy covering the insured.

"(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle . . .

"(b) *Multiple sources of equal priority* — The insurer against whom a claim is asserted first under the priorities set forth in subsection (a) shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim. If contribution is sought among insurers responsible under subsection (a)(4), proration shall be based on the number of involved motor vehicles." 75 Pa.C.S. §1713.

The *Laguna* court construed this section as preventing a claimant from recovering first-party benefits from policies at more than one level of priority

regardless of the inadequacy of such benefit to cover the relevant expense:

"Since the statute explicitly treats the issue of multiple sources of coverage among insurers of equal priority, its silence regarding insurers at different priority levels indicates that *contribution in this context is not an issue.* The logical interpretation of the limitation of section 1713(b) to insurers at an equal priority level is that *insureds are not entitled to benefits from multiple sources at different priority levels.*" 370 Pa. Super. at 313, 536 A.2d at 421. (emphasis supplied)

The priority provisions of both the Financial Responsibility policy and the Financial Responsibility Law appear to prevent plaintiff's recovery. Plaintiff's sole recovery of benefits as first-party benefits must come from the higher level of priority, the parents' no-fault policy.

This conclusion is bolstered by the "anti-stacking" provision of the Financial Responsibility Law, which provides:

"§ 1717. *Stacking of benefits* —

"First party benefits shall not be increased by stacking the limits of coverage of:

"(1) multiple motor vehicles covered under the same policy of insurance; or

"(2) multiple motor vehicle policies covering the same individual for the same loss." 75 Pa.C.S. § 1717.

Though plaintiff argues that her claim is not prohibited by the anti-stacking provisions because the funeral expenses were only partially paid for under the no-fault policy, the *Laguna* court rejected this same argument and its logic may be extended to the instant case:

"We do not accept the interpretation of 'loss' proposed by [the plaintiff]. . . . Within the context of

section 1717, it appears to us that the term 'loss' refers to the physical injury suffered by the insured. There the insured is involved in a single accident which necessitates medical treatment for injuries suffered in the accident, all medical expenses incurred are part of the 'same loss' for purposes of determining the applicability of section 1717. In the instant case, the medical bills covered by the Kemper policy and those which remain unpaid all constitute the 'same loss' since they were incurred during the course of treatment for the injuries suffered from the July 4th accident." *Laguna*, 370 Pa. Super. at 314, 536 A.2d at 422.

This reasoning may be extended to conclude that the portion of the funeral bill paid under the no-fault policy and the portion unpaid constitutes the "same loss" as the expenses resulted from the same accident. Therefore, the anti-stacking provision of section 1717 prevents plaintiff's recovery under the owner's policy.

The *Soles* decision is distinguishable from the case at bar in that the *Soles* plaintiff sought to recover funeral benefits from a no-fault policy, while the plaintiff at bar seeks funeral benefits from a Financial Responsibility policy.

Since the present action seeks benefits from a Financial Responsibility policy, it must be interpreted pursuant to the Financial Responsibility Law. Because the Financial Responsibility Law precludes plaintiff's attempted recovery of funeral benefits from a second policy, we must conclude that the plaintiff cannot recover the benefit she seeks.

Wherefore, plaintiff's motion for summary judgment must be denied, and defendant's motion for same must be granted.

## ORDER

And now, March 2, 1990, upon consideration of cross-motions for summary judgment, it is hereby ordered, adjudged and decreed that plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.