578 A.2d 503

**Michael E. MANOLAKIS, Appellant,**

v.

**TRANSAMERICA INSURANCE COMPANY,**
**Corporation, Appellee.**

Superior Court of Pennsylvania.

Argued March 21, 1990.

Filed July 27, 1990.

Petition for Allowance of Appeal Granted Jan. 4, 1991.

Larry D. Wohnhas, Pittsburgh, for appellant.

Judy Thomas, Pittsburgh, for appellee.

Before CAVANAUGH, DEL SOLE and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from an order granting judgment on the pleadings in favor of Appellee, Transamerica Insurance Company, and against Appellant, a named insured under the Transamerica policy. The trial court concluded that Appellant was seeking to "stack" the benefits under the Transamerica policy with those he obtained under a policy issued by Allstate Insurance Company. Because stacking is prohibited under Section 1717 of the Motor Vehicle Financial Responsibility Law, ("MVFRL"), 75 Pa.C.S.A. § 1701 et seq., the trial court entered judgment on the pleadings.

This action was precipitated by an automobile accident which caused Appellant to suffer certain injuries. At the time of the accident, Appellant was the named-insured on two policies of automobile insurance, both covering the vehicle he owned and operated at the time of the accident. A policy issued by Allstate provided first-party medical coverage of $10,000 and income loss coverage of $50,000. The second policy issued by Transamerica contained limits of $100,000 for medical expenses and $15,000 for loss of income.

Appellant sought to recover first-party benefits against Transamerica by the filing of a Complaint. Transamerica in response filed an Answer and New Matter alleging that, as a result of the same accident, Appellant had made application to Allstate for its limits of first-party medical and wage loss coverage, and had recovered these $10,000 and $50,000

limits. Because of this payment, Transamerica alleged that under § 1717(2) of the MVFRL, Appellant was not entitled to receive benefits under its policy. Appellant's Reply admitted that Allstate paid its policy limits for medical and wage loss benefits arising out of this accident, but denied that this recovery fully compensated Appellant for the losses he sustained in the accident. Transamerica filed a Motion for Judgment on the Pleadings which the court granted. The trial court concluded that Appellant was seeking to "stack" the benefits available under the two separate policies, and ruled that the benefits could not be increased by such "stacking" under § 1717(2) of the MVFRL.

The section of the MVFRL which the trial court utilized in reaching its decision speaks directly to stacking. It states:

§ 1717. **Stacking of benefits**

First party benefits shall not be increased by stacking the limits of coverage of: ...

(2) multiple motor vehicle policies covering the individual for the same loss.

Appellant acknowledges that this case does concern multiple motor vehicle policies which provide him with coverage for the same loss. Although the situation is as described in subsection (2), Appellant claims that he is not violating the provisions of § 1717 because he is not seeking to "stack" the limits of these coverages. Appellant claims that where there are two sources for payment of first-party benefits and these sources are of equal priority under § 1713(b) of the MVFRL, both sources are required to make a pro rata payment of the total loss sustained by the insured, the pro rata share being determined by policy limits, and that this procedure does not constitute the "stacking" prohibited by § 1717. We disagree.

 Section 1713(b), relied on by appellant, provides as follows:

(b) Multiple sources of equal priority—The insurer against whom a claim is asserted first under the priorities

set forth in subsection (a) shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the cost of processing the claim ...

From this, Appellant concludes that Allstate would not have fulfilled its obligation until the Transamerica policy limits were also exhausted, notwithstanding that Allstate had already paid its medical benefits limit of $10,000 and income loss benefits of $50,000. In effect, Appellant contends that Allstate, as the insurer against whom the claim was first asserted, has the obligation to pay the claim "as if wholly responsible", without regard to any policy limit, and then it may seek contribution from Transamerica.

We do not read § 1713(b) as creating rights against any carrier in excess of the limits of its own policy. The section provides a procedure for processing claims where there are multiple sources of equal priority, putting the burden on the first source against whom the claim is asserted, and then giving that first source pro rata contribution rights against other equal priority sources, subject always to contractual limits of liability. To adopt Appellant's argument would require rewriting the contract of the parties and implying an obligation on the part of the first carrier to make the insured whole no matter what its policy limits, but allowing it contribution from other equal priority sources. This we decline to do. When Allstate paid its policy limits, it fulfilled its obligation and extinguished Appellant's claim for first-party benefits.

The argument of Appellant would also emasculate the clear language of 75 Pa.C.S.A. § 1717 which prohibits stacking. A similar argument was made and rejected by our Court in *Laguna v. Erie Insurance Group*, 370 Pa.Super. 308, 536 A.2d 419 (1988). The plaintiff there was the named insured in a policy with Federal Kemper Insurance Co., ("Kemper"), with medical benefit limits of $10,000. The insured was involved in an accident which resulted in medical expenses in excess of $10,000. Kemper paid the $10,000

limit of its coverage. The insured then claimed under a separate policy issued by Erie Insurance Group, ("Erie"), to his wife, but which covered him also. The medical benefit limits of this policy were $100,000. This Court affirmed the grant of summary judgment in favor of Erie. There, as here, the insured conceded the validity of § 1717, but contended that he was not trying to "stack" coverages because he was not seeking duplicate benefits for the same loss. Rather he contended that the same loss was not involved in his claims against the two carriers. He contended that he did not seek recovery against Erie for the $10,000 in medical bills which was covered by Kemper, and that Erie was liable for those medical bills which remained unpaid after the exhaustion of the Kemper policy limits. Our Court rejected this interpretation of "loss", and instead declared that "loss" refers to the physical injury suffered by the insured. "Where the insured is involved in a single accident which necessitates medical treatment for injuries suffered in the accident, all medical expenses incurred are part of the 'same loss' for purposes of determining the applicability of Section 1717." *Laguna*, at 314, 536 A.2d at 422.

If it is unfair to require an insured to choose carefully when submitting a claim against several insurers,[1] or if anti-stacking legislation is unfair, relief must come from the Legislature, not the courts.

In summary, we hold that where a claim for first party benefits is made against one of several carriers of equal priority under 75 Pa.C.S.A. § 1713, and that carrier makes payment which exhausts the limits of its coverage, a claim for first-party benefits against another carrier of equal priority for losses incurred as the result of injuries sustained in the same accident is precluded.

Judgment affirmed.

1. It may be that Appellant's decision was carefully considered. The first policy of Allstate, while containing a lower medical benefit limit, did contain a much higher income loss benefit than the policy issued by Transamerica. It may be that Appellant decided that income loss benefits were likely to be the major item of expense and he chose to claim against Allstate first for that very reason.

DEL SOLE, J., files a dissenting opinion.

BEFORE: CAVANAUGH, DEL SOLE and HUDOCK, JJ.

DEL SOLE, Judge, dissenting.

I dissent from the Majority's decision to affirm the trial court's grant of Judgment on the Pleadings in favor of Appellee, Transamerica Insurance Company, and against Appellant, a named insured under the Transamerica policy. I do not believe that Appellant was seeking to "stack" the benefits under the Transamerica policy with those he obtained under a policy issued by Allstate Insurance Company. Because Appellant did not seek to add the total benefits available under one policy to the total benefits available under a second policy, but instead sought contribution from two carriers providing coverage under separate policies, he was not engaged in "stacking" and did not violate the provisions of 75 Pa.C.S.A. § 1717.

The concept of stacking as been part of our jurisprudence for a number of years. In *Harleysville Mutual Casualty Co. v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968), the court sought to determine whether anti-stacking clauses violated the purpose behind the Uninsured Motorist Act. The court, which permitted such recovery, described stacking.

> We do hold, however, ... that where the loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or to the amount of the actual loss.

*Id.* at 395–396, 241 A.2d at 115.

Thus, stacking, as the term implies, is the piling of benefits available under separate policies until they total the amount of the loss or the policy limits. In this case if Appellant were permitted to recover the $10,000 of medical expense benefits provided under the Allstate policy and the $100,000 available under the Transamerica policy for a total of $110,-000, he would be stacking benefits in violation of § 1717. However Appellant may receive some coverage under each policy without engaging in stacking by collecting benefits in

a pro rata fashion. This contribution is what Appellant desires and should be able to achieve under the MVFRL.

The ability to collect pro rata contributions from both Allstate and Transamerica should be permitted in this case because both carriers are at equal priority levels. Section 1713 of the MVFRL sets forth the priority levels for collection of multiple sources of benefits. It provides, in relevant part:

§ 1713 **Source of benefits**

(a) **General rule.**—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

(1) For a named insured, the policy on which he is the named insured.

. . . . .

Appellant was a named insured under both the Allstate and the Transamerica policies, thus both carriers are at the same priority level with regard to a claim by Appellant for first party benefits. Subsection (b) of section 1713 refers to situations where there exist multiple sources at the same priority level. It states:

(b) **Multiple sources of equal priority.**—The insurer against whom a claim is asserted first under the priorities set forth in subsection (a) shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim....

Under this section, had Appellant initially applied to recover benefits from Transamerica it would have been required to pay up to the $100,000 policy limits for the medical expenses which Appellant was able to prove he incurred. Section 1713(b) would then permit Transamerica to recoup up to $10,000 from Allstate for its pro rata share. In this case, however, Appellant made his first claim against Allstate, the insurer with the lower medical cover-

age limits. Allstate did as required and paid the claim as if wholly responsible up to the limits of its coverage, $10,000 for medicals and $50,000 for income loss. Since Allstate provided a greater amount of coverage than Transamerica for income loss, it would be able to seek contribution from Transamerica for its pro rata share up to $15,000. The trial court found that in this situation Transamerica would not be responsible for any contribution for medical expenses because such recovery would amount to stacking. I disagree.

As I have stated, and as section 1713(b) demonstrates, recovery from more than one carrier at the same level of priority does not constitute stacking, if each carrier contributes their pro rata share. In *Laguna v. Erie Ins. Group*, 370 Pa.Super. 308, 536 A.2d 419 (1988), the court recognized the ability to recover from more than one source if each is at the same priority level. The *Laguna* court also found that such contribution is not available where there exist insurers at different priority levels. The court remarked:

> The provision of § 1713(b) regarding procedures to be followed in the event of multiple sources of coverage is limited to sources of equal priority. Since the statute explicitly treats the issue of multiple sources of coverage among insurers of equal priority, its silence regarding insurers at different priority levels indicates that contribution in this context is not an issue. The logical interpretation of the limitation of § 1713(b) to insurers at an equal priority level is that insureds are not entitled to benefits from multiple sources at different priority levels.

*Id.* at 536 A.2d 421.

Although section 1713(b) details what is to occur when a claim is first made against one of multiple parties responsible at the same level, it presupposes that the first claim is made against the carrier which is providing the greater coverage. In a situation such as this where one carrier is providing greater medical expense coverage and another is providing greater income loss coverage, what course should the insured take? Which coverage should the insured seek

to obtain first at the risk of losing the other coverage? I believe that the statute did not intend to create such a dilemma with such a potentially inequitable result. It would be arbitrary to limit an insured's recovery to the limits of the policy to which the first application was made when there exist more than one policy at the same priority level. It should make no difference whether the insured proceeds against the carrier with the higher limits first, second or third as long as each carrier contributes to the insured their pro rata share so that the insured in compensated up to the limits of the highest coverage he or she purchased. In a case such as this, Allstate would be responsible for 1/10 of Appellant's medicals up to $10,000 with Transamerica responsible for paying up to $90,000 or 9/10 of the established medical expenses. Likewise if a wage loss claim was established at or over $50,000, Appellant could seek 3/10 of the recovery from Transamerica up to $15,000 and 7/10 or $35,000 from Allstate. Such recovery is not stacking since the policy limits are not added one on top of the other, but rather are combined, each in a proportionate share, to provide the insured with the maximum limits of coverage which he or she purchased in a single policy.

In the case before us, Appellant purchased two policies at equal priority levels; one providing coverage of $100,000 for medical expenses, another providing $10,000 for the same expenses. In my view, Appellant is entitled to seek to recover the full amount of coverage which he purchased, $100,000. Since Allstate has already paid Appellant its $10,000 share, Transamerica may remain responsible up to $90,000 for medical expenses. With regard to income losses, Allstate has paid its $50,000 limits and may seek contribution from Transamerica for its $15,000 policy limits. The result I suggest does what § 1713(b) was designed to do and permits an insured to recover the full amount of the highest coverage available from multiple insurers at the same priority level, while not jeopardizing the insured's recovery based upon his or her election of against which carrier the claim is first presented.

In conclusion I would hold that the trial court erred in entering a Judgment on the Pleadings. I would reverse and remand this matter for further proceedings.