489 A.2d 927

**Gary E. SCHULZENDORF**

v.

**The PITTSBURGH & LAKE ERIE RAILROAD COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 4, 1984.

Filed March 15, 1985.

Paul L. Hammer, Pittsburgh, for appellant.

Richard A. Porach, Pittsburgh, for appellee.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

TAMILIA, Judge:

The appeal before us is a lineal descendant of a suit filed by appellant in federal district court under the Federal Employer's Liability Act (FELA), 45 U.S.C.A. § 51, et seq. The case was settled in 1982 and thereafter appellant instituted a second action in the Court of Common Pleas of Allegheny County alleging that the settlement amount had been based on fraudulent representations by appellee as to the existence of a lien against proceeds. Appellee's preliminary objections challenging the jurisdiction of the state court were granted and the case dismissed. Appellant now brings this appeal, arguing that the settlement is a contract, separate and apart from the original cause of action, and is

therefore amenable to attack in trespass for fraud in a different forum. We disagree.

FELA section 56 specifies that the jurisdiction of federal and state courts over suits brought under its provisions is concurrent. Appellant chose a federal forum for his action, and having once exercised his option he is bound by it. 20 Am.Jur. 2nd. *Courts* § 130 (1965).

It is a doctrine of law too long established to require citation of authorities, that where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every court; and that where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court.

*Freeman v. Howe*, 24 How. 450, 457, 16 L.Ed. 749, 751 (1861). *Whitmer v. Whitmer*, 243 Pa.Super. 462, 365 A.2d 1316 (1976) cert. denied 434 U.S. 822, 98 S.Ct. 67, 54 L.Ed.2d 79. The antiquity of this precept is unarguable, and its applicability immutable.

Appellant contends, however, that the validity of the settlement is not an issue germane to the prior proceeding as it involves a contract marred by fraud in the factum. This is a distinction without a difference, for regardless of the way in which the nature of a settlement is defined, its operation and practical effect is as the denouement of litigation, here reached under the federal court's supervision and jurisdiction. Therefore, any aspersions appellant wishes to cast upon its legitimacy must be and can only be dealt with by the contemporary court of record. See 1 *Standard Pennsylvania Practice* 2d § 2:51 (1981). Although state courts may enforce a federal court judgment, a procedure which appellant emphatically declares he has not sought, the judgment may not be annulled, modified or otherwise reviewed by a state court. 21 C.J.S. *Courts* § 539 (1940). Therefore, as the trial court correctly determined, questions as to the resolution of the suit must be

referred to the court in which jurisdiction was originally vested by appellant's own choice. *Get Set Organization v. Philadelphia Federation of Teachers Local #3,* 446 Pa. 174, 286 A.2d 633 (1972); *Advanced Management Research, Inc. v. Emanuel,* 439 Pa. 385, 266 A.2d 673 (1970); *Melnick v. Binenstock,* 318 Pa. 533, 179 A. 77 (1935).

Appeal dismissed.