604 A.2d 1064

Alan KLEIN, a/k/a Alan H. Klein, Appellant,

v.

Robert J. WALTON, III, and Hilda Walton
and Joseph F. Boyle, Jr.

Alan KLEIN, a/k/a Alan H. Klein

v.

Robert J. WALTON, III and Hilda Walton
and Joseph F. Boyle, Jr.

Appeal of Joseph F. BOYLE, Jr.

Appeal of Robert J. WALTON, III, and Hilda Walton.

Superior Court of Pennsylvania.

Argued Jan. 15, 1992.

Filed March 12, 1992.

David J. Moloznik and Joseph S. Moloznik, Philadelphia, for Klein, appellant (at 1200) and for appellee (at 1340, 1341 & 1967).

Leonard J. Bucki, Philadelphia, for Walton et al., appellants (at 1967) and for appellees (at 1200, 1340 & 1341).

Linda Richenderfer, Philadelphia, for Boyle, appellant (at 1340 & 1341) and for appellee (at 1200 & 1967).

Before ROWLEY, President Judge, and OLSZEWSKI and MONTEMURO, JJ.

MONTEMURO, Judge:

This is a consolidated appeal from both an April 11, 1986 order enforcing a settlement agreement and dismissing all claims of Joseph Boyle, and a March, 15 1991 order dismissing any remaining claims by Alan Klein. A review of the procedural and factual context of this case is necessary before addressing the issues presented by this appeal.

The origins of this dispute began in December of 1976 when an agreement of sale was entered into between Alan Klein ("Klein") and Robert and Hilda Walton ("Waltons") for Klein to purchase seven parcels of land ("the properties") for $215,000.00. ("Klein Agreement"). The Waltons, after alleging that Klein did not timely receive a mortgage commitment, considered the Klein Agreement null and void. In April of 1977, Joseph Boyle ("Boyle") and the Waltons entered into an Agreement whereby Boyle would pay $205,000 for the properties, with Boyle being responsible for paying the $10,000 brokers' commission. ("Boyle Agreement"). Prior to settlement of the Boyle transfer, Klein brought suit against Walton in state court pursuant to his agreement and forced the title of the properties to be indexed lis pendens. ("First Klein suit"). This suit was removed to federal court based on diversity jurisdiction. Prior to trial, the parties indicated to Judge Hannum that the parties had settled the case. Judge Hannum confirmed with both parties that the case was settled, and without placing the terms of settlement on the record, dismissed the case with prejudice.

In accordance with the agreement, settlement was to occur on or before December 11, 1978. If settlement did not occur by the specified date, then Boyle, as per his agreement, would have a right to purchase the properties

until December 31, 1978. The Waltons disputed the terms of the settlement agreement, and did not attend the December 11, 1978 closing. Klein brought suit in the Philadelphia Court of Common Pleas, again indexed lis pendens, to enforce the settlement agreement. ("Second Klein Suit"). Meanwhile, Boyle asserted his right to purchase the properties; however, he did not schedule a closing by December 31, 1978. Boyle intervened in the Second Klein Suit to assert his rights to specific performance of the properties, and to have the lis pendens struck from the title of the property. In 1980, Klein and Boyle entered into an agreement, whereby they would agree to share the properties and any yet to be determined damage award. ("Sharing Agreement").

On October 29, 1985, the trial court dismissed the Second Klein suit on the basis that jurisdiction was only proper in the federal forum where the First Klein suit was dismissed. The trial court also dismissed all of Boyle's claims as having lapsed by the terms of the Boyle Agreement. On April 11, 1986, after Klein and Walton filed post-trial motions, the trial court reversed its earlier jurisdictional ruling, and decided the merits of the Second Klein suit.

The trial court found that the settlement agreement did in fact exist and ordered that: (1) the Waltons convey the properties to Klein; (2) Klein pay the Waltons the sum of $215,000.00, representing the purchase price, and the sum of $12,500.00, with the Waltons paying any brokers' commissions; (3) Klein pay Boyle the sum of $25,000.00; and (4) with the exception of Alan Klein's claim against the Waltons for claimed loss of returns, all other claims of the parties to this action are dismissed with prejudice.

Thus, all that remained to be litigated was Klein's claim for lost rents. Unfortunately, this task proved to be anything but expedient. In 1986, Waltons made a request for production of documents, which went unanswered by Klein. Over the next four years the parties exchanged correspondence with various settlement proposals; However, Klein pursued no formal discovery during this period. The Wal-

tons, based on this inactivity, moved to dismiss the claim of lost rents. On October 18, 1990, Judge D'Alessandro denied this motion. The Waltons then renewed their 1986 request for production of documents, which again went unanswered by Klein. On March 15, 1991, Judge D'Alessandro dismissed Klein's claim for damages after the Waltons renewed their motion to dismiss.

The issues raised on appeal arising from the April 11, 1986 order are as follows: (1) whether the trial court erred in reversing itself and finding that it did have jurisdiction to enforce the settlement agreement; (2) whether the trial court erred in enforcing the settlement agreement; and (3) whether the trial court erred dismissing all claims by Boyle.

The sole issue raised on appeal with respect to the March 15, 1991 order is whether the trial court erred in dismissing Klein's damages claims for failure to prosecute his case, and respond to discovery requests.

The first issue arising from the April 11, 1986 order is whether the trial court had jurisdiction to enforce the settlement agreement. In *Schultzendorf v. Pittsburgh Lake Erie R.R. Co.*, 340 Pa.Super. 230, 489 A.2d 927 (1985), this Court held that a party to a settlement in federal court, cannot attack its validity in state court. The *Schultzendorf* Court reasoned that since the operation and practical effect of a settlement is "the denouement of litigation," attacking the validity of the settlement is equivalent to attacking the validity of a federal court judgment. *Id.*, 340 Pa.Superior Ct. at 232, 489 A.2d at 928.

█ The Waltons contend that Klein was not attempting to enforce the settlement, but rather was attempting to challenge the federal court's dismissal contrary to *Schultzendorf.* For support for this conclusion, the Waltons assert that because the trial court could not have reinstated Klein's cause of action if it found that the settlement did not exist, it could not have jurisdiction to determine the existence of the settlement. However, applying the Waltons' logic would convert every attempt to enforce a settle-

ment into a challenge of the previous court's dismissal. Since we find that Klein was merely attempting to enforce the agreement, the state court was an appropriate forum for adjudicating his claim.[1]

█ The Waltons' second issue raised on appeal from the April 11, 1986 order is whether, assuming the court did have jurisdiction to hear Klein's claim, the trial court erred in failing to find that Klein was estopped from asserting his claim since he failed to cooperate in reaching an agreement on the terms of the settlement. This claim for relief, which the Waltons do not support with any case law, ignores the trial court's finding that all of the essential terms of the settlement agreement existed. Since the terms were already reached, Klein did not owe the Waltons any additional duty to cooperate, and the trial court did not err in failing to address this meritless claim.

The third issue raised on appeal is whether the trial court erred in dismissing Boyle's claims that sought to deny Klein's right to the properties, strike Klein's lis pendens, and to force the conveyance of the properties to Boyle. The trial court found that Boyle signed an agreement that provided that he would accept the properties from Walton by December 31, 1978. Since Boyle did not schedule any closing by that date, his rights to the properties lapsed by the terms of his own agreement. Thus, the April 11, 1986 order provided, "With the exception of Alan Klein's claim against Robert J. Walton, III and Hilda Walton for claimed loss of returns, all other claims of the parties to this action are *dismissed*, with prejudice." (T.C.O. 12).

█ This order put Boyle out of court, and therefore was a final order. *Sweener v. First Baptist Church of Emporium*, 516 Pa. 534, 533 A.2d 998 (1987); *Motheral v. Burkhart*, 400 Pa.Super. 408, 583 A.2d 1180 (1990). There is no evidence of record that this dismissal was appealed by Boyle, and as such, Boyle can not now complain of any

1. Since we hold that state court was an appropriate forum, we will not address whether Klein could have alternatively pursued his claim in federal court.

alleged errors committed by the April 11, 1986 dismissal of his claim.[2] *Id.* (appeals not taken within 30 days are waived); Pa.R.A.P 903(a). Therefore, although we agree with the trial court that Boyle's claim is without merit, we are without jurisdiction to decide the issue on appeal. Furthermore, the existence of the Sharing Agreement between Klein and Boyle does not give Boyle standing in this litigation after his dismissal and failure to appeal. Therefore, we quash Boyle's appeal, and affirm all other aspects of the April 11, 1986 order.

The sole issue raised with respect to the March 15, 1991 order is whether the trial court erred in determining that Klein's right to pursue any damage claim is barred by laches.

 Initially, we note that an award of damages, incident to a decree of specific performance, is not the same as legal damages. *Easton Theatres v. Wells Fargo,* 265 Pa.Super. 334, 401 A.2d. 1333 (1979). "Rather, a court in equity is involved in an accounting by which it fairly apportions between the parties the costs caused by the delay in the performance in the contract." *Id.,* 265 Pa.Superior Ct. at 352, 401 A.2d at 1343. The equitable doctrine of laches will apply to one who is guilty of lack of due diligence in failing to institute or prosecute his proceedings. *Freeman v. Lawton,* 353 Pa. 613, 46 A.2d 205 (1946).

Our standard in reviewing a determination by the chancellor in equity is not to substitute our own judgment for that of the chancellor, "our task is rather to determine whether a judicial mind, on due consideration of all of the evidence, as a whole, could have reasonably have reached the conclusion of the chancellor." *Aiken Industries v. Estate of Wilson,* 477 Pa. 34, 383 A.2d 808, 810 (1978).

 In the present case the chancellor found that the failure of Klein to take any action in four years coupled with his failure to respond to Waltons' discovery requests

---

**2.** Walton appealed the jurisdictional holding of the April 11, 1986 order, but this court properly quashed this appeal as interlocutory.

was sufficient to bar his claim for damages incident to specific performance. Klein counters that he did make repeated efforts to prosecute his claim.[3]

■ Our review of the record indicates that Klein made no formal discovery requests for four years. Curiously, Boyle, who was dismissed from the action, did attempt to list the case for trial and did respond to the Waltons' discovery request. The peripheral attempts by Boyle to prosecute the damages claim, however, are not imputed as actions of Klein. Klein's activity from 1986 to 1990 includes various settlement proposals, and letters requesting lost rent figures, and demands for lost rents exceeding $1,000,000. Klein, however, took no action to compel the Waltons to act, or to otherwise properly pursue his claim. Furthermore, the failure of Klein to prosecute his claim has resulted in the Waltons having to manage the properties on Klein's account.[4]

As our Supreme Court noted:

If the plaintiff said to the defendant every day from the time when his first claim arose, 'I am going to sue you very soon,' so that no reliance on misleading conduct could be urged, delay might none the less be fatal if a court of equity thought the plaintiff had remained inactive so long that it would be an injustice to allow recovery.

*Freeman, supra* 353 Pa. at 617, 46 A.2d at 207. We cannot say that under these circumstances, that the chancellor abused his discretion in finding that Klein remained inactive

3. Klein also argues that the dismissal was an improper discovery sanction, and that laches does not apply since this was an action for damages at law. First, the dismissal was based on laches not as a discovery sanction. Second, as discussed in *Easton Theatres, supra,* the laches defense is applicable. Thus, both these assertions are without merit.

4. We do note that even though the Waltons have been prejudiced by the delay, a showing of prejudice is no longer a requirement for dismissing a case on the basis of failure to prosecute. *Penn Piping, Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (Pa.1992).

for so long that it would be an injustice to allow recovery. Accordingly, we affirm.

Orders affirmed in part, quashed in part.