536 A.2d 419

**Peter LAGUNA, Jr., Appellant,**

v.

**ERIE INSURANCE GROUP, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 3, 1987.

Filed Jan. 20, 1988.

Andrew Teitelman, Philadelphia, for appellant.

John B. Lieberman, III, Pottsville, for appellee.

Before CAVANAUGH, ROWLEY and MONTEMURO, JJ.

CAVANAUGH, Judge:

This case presents issues arising under the Motor Vehicle Financial Responsibility Law, hereinafter referred to as MVFRL, 75 Pa.C.S. §§ 1701–1798, regarding the availability of first party benefits to the victim of an automobile accident who is both a named insured and an insured under two separate policies.[1] The specific issues for decision are (1) whether a provision of a policy which precludes recovery of benefits where another insurer at a higher level of priority, as stated in 75 Pa.C.S. § 1713(a) and the policy itself, is liable for coverage is enforceable; and (2) assuming the clause is invalid, whether 75 Pa.C.S. § 1717(2), preventing the stacking of coverage of multiple policies, applies where the insured seeks the excess amount of coverage the second priority policy would provide.

The matter was submitted to the court below upon cross motions for summary judgment. Appellee, hereinafter referred to as Erie, was awarded summary judgment in its favor. The lower court found that the prohibition against stacking contained in § 1717(2) applied to the facts of the case and required a finding that appellant, hereinafter referred to as Laguna, could not collect first party benefits

1. Under 75 Pa.C.S. § 1702 "Insured" is defined in relevant part as:
    (1) an individual identified by name as an insured in a policy of motor vehicle liability insurance.
    (2) If residing in the household of the named insured:
    (i) a spouse or other relative of the named insured.
    Since the insurance policies in question differentiate between named insured (as referred to in § 1702(1)) and insured (as referred to in § 1702(2)(i)) status, we employ the nomenclature used in the policies.

from Erie. We find the lower court's interpretation of the statute and policy without error and affirm.

Mr. Laguna was a passenger in an automobile owned by a third party which was involved in an accident with another vehicle on July 4, 1985. Mr. Laguna was the named insured in a policy with Federal Kemper Insurance Company, hereinafter referred to as Kemper, for an automobile which he owned. The limits of coverage for first party medical benefits under this policy was $10,000. This amount was paid to Laguna by Kemper. A separate policy of insurance issued by Erie to Mrs. Laguna for a vehicle owned by her provided for coverage in the amount of $100,000 for first party medical benefits. In this policy, Mrs. Laguna was the named insured and her husband, appellant, was covered as an insured. Since the medical expenses incurred by Laguna were in excess of $10,000, claim was made by him to Erie for benefits in the amount of the remainder of the expenses.

Erie denied coverage on the basis of the "Priorities of Policies" clause of the policy. This clause, in relevant part, provides, as follows:

We will pay First Party Benefits in accordance with the following order of priority. We will not pay if there is another insurer at a higher level of priority. The priority levels shown are in descending order from highest to lowest:

First—The insurer providing benefits to the eligible person as a named Insured.

Second—The insurer providing benefits to the eligible person as an Insured who is not a named Insured under another policy providing coverage under the Pennsylvania Motor Vehicle Financial Responsibility Law.

Third—The insurer of the motor vehicle which the eligible person is occupying at the time of the accident.

Fourth—The insurer providing benefits on any motor vehicle involved in the accident if the eligible person is not (a) occupying a motor vehicle and (b) provided coverage under any other policy.

Erie's position is that since Laguna is a named insured under his policy with Kemper, the first level insurer, it has no obligation to pay benefits as a second level insurer. The argument follows that the existence of an insurer at the higher level of priority triggers the exclusionary language and negates any obligation of Erie to pay benefits since it is at a lower priority level.

The priorities clause of the policy is based upon the priorities established in the MVFRL, 75 Pa.C.S. § 1713. This section provides as follows:

Source of benefits

(a) General rule.—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

(1) For a named insured, the policy on which he is the named insured.

(2) For an insured, the policy covering the insured.

(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.

(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident. For the purpose of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident unless it was parked so as to cause unreasonable risk of injury.

(b) Multiple sources of equal priority.—The insurer against whom a claim is asserted first under the priorities set forth in subsection (a) shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim. If contribution is sought among insurers responsible under subsection (a)(4), proration shall be based on the number of involved motor vehicles.

This section creates a clear order of priority of first party benefits coverage. The provision of § 1713(b) regarding procedures to be followed in the event of multiple sources of coverage is limited to sources of equal priority. Since the statute explicitly treats the issue of multiple sources of coverage among insurers of equal priority, its silence regarding insurers at different priority levels indicates that contribution in this context is not an issue. The logical interpretation of the limitation of § 1713(b) to insurers at an equal priority level is that insureds are not entitled to benefits from multiple sources at different priority levels.

Erie further relies upon the "anti-stacking" section of the MVFRL law to support the validity of the priorities clause. This section provides as follows:

Stacking of benefits

First party benefits shall not be increased by stacking the limits of coverage of:

(1) multiple motor vehicles covered under the same policy of insurance; or

(2) multiple motor vehicle policies covering the individual for the same loss.

75 Pa.C.S. § 1717.

Applying § 1717(2), Erie argues that Laguna is expressly prohibited from seeking to collect first party benefits under more than one insurance policy for the same loss.

Mr. Laguna does not question the validity of Section 1717 and concedes that were he seeking duplicate benefits for the same loss, his claim would be barred. He contends that he does not come within the purview of Section 1717 since the same loss is not involved. He does not seek recovery against Erie for the $10,000 in medical bills which was covered by Kemper, but argues that Erie is liable for those medical bills which remain unpaid after the exhaustion of the Kemper policy limits.[2]

2. Laguna characterizes the recovery sought against Erie as excess benefits and as not within the prohibition against stacking. This definition is contrary to the generally accepted notion of stacking as relating only to use of different insurance sources to make whole a

■ We do not accept the interpretation of "loss" proposed by Laguna. Black's Law Dictionary 5th Edition defines "loss" as follows:

Loss is a generic and relative term. It signifies the act of losing or the thing lost; it is not a word of limited, hard and fast meaning and has been held synonymous with, or equivalent to "damage", "damages", "deprivation", "detriment", "injury", and "privation"; and

injury or damage sustained by insured in consequence of happening of one or more of the accidents or misfortunes against which insurer has undertaken to indemnify the insured.

Within the context of Section 1717, it appears to us that the term "loss" refers to the physical injury suffered by the insured. Where the insured is involved in a single accident which necessitates medical treatment for injuries suffered in the accident, all medical expenses incurred are part of the "same loss" for purposes of determining the applicability of Section 1717. In the instant case, the medical bills covered by the Kemper policy and those which remain unpaid all constitute the "same loss" since they were incurred during the course of treatment for the injuries suffered from the July 4th accident.

■ We conclude that § 1717 prohibits recovery from Erie since first party benefits were received from Kemper for the same loss. Additionally, the policy term excluding coverage where there exists coverage at a higher priority level is fully enforceable. The provisions of each are unambiguous and there exists no basis upon which not to afford their application. *See* 1 Pa.C.S. § 1921(b); *Davis v.*

single injury. *See, eg.,* Annotation, "Combining or 'Stacking' of 'No Fault' or Personal Injury Protection (PIP) Coverages in Automobile Liability Policy or Policies," 29 A.L.R. 4th 12, 15, n. 3, "For purposes of this annotation, 'stacking' refers to recovery under an additional policy or policies where the amount available under one policy is inadequate to satisfy the damages alleged or awarded. . . ."; n. 4, "The issue of double recovery for the same damages is beyond the scope of this annotation." Since this annotation treats the concept of stacking within a context equivalent to the one facing us, we adopt its limitation of stacking as not including issues of double recovery.

*Government Employees' Insurance Co.*, 500 Pa. 84, 89, 454 A.2d 973, 975 (1982).

Judgment affirmed.