## Wolfe v. Aetna Casualty & Surety Co.

*Edwin L. Stock,* for plaintiff.
*Warren L. Simpson,* for defendant.

SCHAEFFER, *P.J.,* August 16, 1993—This case presents the question of whether a person injured in a motor vehicle accident may recover excess first party medical benefits under a policy on which she is an "insured"

after she has already recovered the limit of first party medical benefits under a policy on which she is the named insured. We hold that she cannot.

The plaintiff, Barbara Wolfe, was involved in a motor vehicle accident on March 16, 1989. She was the named insured on a motor vehicle insurance policy issued by the defendant, Aetna Casualty and Surety Company. The policy provided for $10,000 in medical benefits which Aetna paid to the plaintiff.

At the time of the accident, Wolfe occupied a motor vehicle owned by her mother, Matilda Krol. Krol also had a motor vehicle insurance policy with Aetna. Her policy of insurance, however, provided for $100,000 in medical benefits.

In Count IV of her amended complaint, the plaintiff contends that her medical expenses exceed the $10,000 which she has already received from Aetna under the policy on which she is the named insured. She also asks the court to enter a declaratory judgment that Aetna is obligated under the Krol policy to pay the amount of her medical expenses which are in excess of the $10,000 she has already recovered, up to $100,000.

Aetna moved for summary judgment contending (1) that the plaintiff was impermissibly attempting to stack medical benefits by seeking benefits under her mother's policy after she had already recovered benefits under her own policy, and (2) that plaintiff was not entitled to recover income loss benefits. We granted the defendant's motion for summary judgment on the first issue and denied the motion for summary judgment as to the second issue.

The plaintiff has appealed from our grant of summary judgment on the stacking issue.

Wolfe contends that she is not attempting to "stack" coverages because she is seeking to recover only the excess amount of her medical bills under the Krol policy up to $100,000 and is not seeking to recover the total amount available under both policies ($110,000).

We find this case to be controlled by *Laguna v. Erie Insurance Group,* 370 Pa. Super. 308, 536 A.2d 419 (1988). In *Laguna* the plaintiff was a passenger in a motor vehicle which was involved in an accident. He collected $10,000 in medical benefits from a policy issued by Federal Kemper Insurance Company on which he was the named insured. He was also insured under a policy issued by Erie Insurance Group on which his wife was the named insured. Laguna sued Erie to recover the amount his medical bills were in excess of the $10,000 in medical bills which Federal Kemper Insurance Company paid to him.

The court found that the trial court properly granted Erie's motion for summary judgment because the court found that Laguna was attempting to stack medical benefits in violation of the provision of the Motor Vehicle Financial Responsibility Law contained in 75 Pa.C.S. §1717(2).

Laguna argued that since he was seeking only the excess benefits under the second insurance policy that he was not attempting to stack coverages. The court rejected this argument stating that this was "contrary to the generally accepted notion of stacking as relating only to use of different insurance sources to make whole a single injury." *Id.* at 313-14 n.2, 536 A.2d at 422 n.2.

Wolfe argues that section 1713 of the Motor Vehicle Financial Responsibility Law, which determines the order of priority of first party benefit coverage does not preclude her from recovering benefits from other priority levels once she has exhausted the benefits provided by the first priority level. 75 Pa.C.S. §1713 provides:

"(a) General rule.—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

"(1) For a named insured, the policy on which he is the named insured.

"(2) For an insured, the policy covering the insured.

"(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.

"(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident. For the purpose of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident unless it was parked so as to cause unreasonable risk of injury.

"(b) Multiple sources of equal priority.—The insurer against whom a claim is asserted first under the priorities set forth in subsection (a) shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim. If contribution is sought among insurers responsible under subsection (a)(4), proration shall be based on the number of involved motor vehicles."

In *Laguna* the plaintiff's policy contained a priority provision similar to that contained in 75 Pa.C.S. §1713. The court interpreted section 1713(b) which relates to sources at equal priority levels to mean that an insured could not recover benefits from sources at different levels.[1]

While section 1713 does not contain a specific provision which would prohibit recovery under sources of different priority, section 1717 does specifically prohibit recovery from sources of different priority. The provision contained in section 1717 provides in relevant part:

"First party benefits shall not be increased by stacking the limits of coverage of:....

"(2) multiple motor vehicle policies covering the individual for the same loss." 75 Pa.C.S. §1717.

In *Laguna* the plaintiff contended that section 1717(2) was inapplicable because the same loss was not involved because he was seeking recovery only for the medical bills which had not yet been paid—thus a different loss. The court rejected Laguna's argument finding that "[w]here the insured is involved in a single accident which necessitates medical treatment for injuries suffered in the accident, all medical expenses incurred are part of the 'same loss' for purposes of determining the applicability of section 1717." *Id.* at 314, 536 A.2d at 422. Thus, Wolfe is attempting to recover under multiple policies

---

1. Wolfe attempts to distinguish *Laguna* by erroneously contending that the plaintiff in that case sought benefits under two policies of the same priority. (See plaintiff's memorandum of law in opposition to the motion for summary judgment at 11.) That is simply not the case. *Laguna* dealt with two policies of different priority—one under which the plaintiff was the named insured and one under which he was an insured.

for the same loss in violation of section 1717(2) since her medical bills are from a single accident.

The plaintiff argues, that under *Harleysville Mutual Casualty Company v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968) she should be able to recover under both policies, because the court in that case allowed recovery of uninsured motorist benefits under another available policy up to the amount of the actual loss. Because *Harleysville* dealt with uninsured motorist benefits rather than first party medical benefits, it is not applicable to the case at bar.

Accordingly, we find that the prohibition against stacking in section 1717 applies even where the insured is seeking to recover only the excess amount of her medical benefits which were not paid under another policy of insurance. Thus, our grant of the defendant's motion for summary judgment on this issue was proper.