**Robert NEILSON, Appellee,**

v.

**NATIONWIDE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued June 14, 1999.

Filed Sept. 13, 1999.

---

**4.** Due to our disposition of the issues in Appellant's companion appeal, we need not again address them.

Joseph G. McHale, Philadelphia, for appellant.

Stuart A. Carpey, Philadelphia, for appellee.

Before McEWEN, President Judge, and CAVANAUGH, KELLY, POPOVICH, JOHNSON, FORD ELLIOTT, STEVENS, SCHILLER and LALLY–GREEN, JJ.

McEWEN, President Judge:

¶ 1 Nationwide Insurance Company has taken this appeal from the order which directed that it pay to its insured, Robert Neilson, the remainder of the limits of the $25,000 in income loss benefits provided by the Nationwide policy issued to Mr. Neilson, minus $5,000.00 in income loss benefits already paid to Mr. Neilson under a

separate policy issued to him by Allstate. We granted *en banc* review in this case to re-examine the holdings of panels of this Court in *Manolakis v. Transamerica Insurance Co.*, 396 Pa.Super. 256, 578 A.2d 503 (1990), *appeal granted*, 526 Pa. 637, 584 A.2d 319 (1991), and *Laguna v. Erie Insurance Group*, 370 Pa.Super. 308, 536 A.2d 419 (1988), both of which surely reveal a careful analysis and sound expression of rationale. This *en banc* panel, however, is of the view that a more precise conflux of policy review and statutory interpretation is achieved by a finding that the prohibition against stacking the limits of first party coverages provided by Section 1713 of the MVFRL is not implicated where an insured only seeks to recover first party benefits in an amount equal to the highest applicable single policy limit. Thus, we are obliged to specifically overrule *Manolakis* and *Laguna*.[1]

¶ 2 Robert Neilson was injured in a motor vehicle accident on May 10, 1992, while riding as a passenger in a vehicle owned and operated by his son. Mr. Neilson was, on May 10, 1992, a named insured under an insurance policy issued by Allstate Insurance Company, providing coverage for a Dodge and a Ford Mustang owned by Mr. Neilson. The Allstate policy provided for $5000.00 in income loss benefits.

¶ 3 Mr. Neilson was also a named insured on May 10, 1992, under an insurance policy issued by Nationwide Insurance Co., which insured another Dodge and a Jeep Cherokee owned by Mr. Neilson. The Nationwide policy provided income loss benefits in the amount of $25,000. Mr. Neilson was rendered disabled as a result of the injuries sustained in the accident and within two weeks of the accident submitted a claim for income loss benefits under the policy issued to his son and insuring the vehicle involved in the accident of May 10, 1992. Coincidentally, this policy had been issued by Allstate Insurance Company.

---

1. Although *Laguna* involved polices of **unequal** priorities and thus is of marginal relevance to the precise issue before this Court, this appeal implicates that portion of *Laguna* which discusses the issue of stacking.

Allstate, upon receipt of the claim, advised Mr. Neilson that he was required to file his claim for first party benefits under his own Allstate policy.

■ ¶ 4 Thus, on June 11, 1992, Mr. Neilson applied for income loss benefits under the policy issued to him by Allstate which insured two of his four vehicles. Allstate then paid income loss benefits to Mr. Neilson, who exhausted his $5,000 in benefits under the Allstate policy on December 21, 1992. Neilson then filed a claim for first party benefits with Nationwide on January 14, 1993, and Nationwide paid $7,148.75 in income loss benefits to Mr. Neilson through August 11, 1993. Nationwide, on that date, informed Mr. Neilson that Nationwide would no longer pay income loss benefits to him as he had previously collected and exhausted first party income loss benefits for the same loss under the Allstate policy, a policy at the same priority level as the Nationwide policy.[2] Nationwide contended – and continues to argue on appeal – that the prohibition against stacking first party benefits which is contained in Section 1717 of the MVFRL precludes payment to Mr. Neilson of the balance of the $25,000 in income loss benefits provided under the Nationwide policy. We disagree.

2. Section 1713 of the MVFRL provides:

§ 1713  Source of benefits

(a) General rule.—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

(1) For a named insured, the policy on which he is the named insured.
(2) For an insured, the policy covering the insured.
(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.
(4) For a person who is not the occupant of a motor vehicle, the policy of any motor vehicle involved in the accident. For the purpose of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident un-

¶ 5 Section 1717 of the MVFRL provides:

§ 1717.  Stacking of benefits

First party benefits shall not be increased by **stacking the limits of coverage of:**

(1) multiple motor vehicles covered under the same policy of insurance; or

(2) multiple motor vehicle policies covering the individual for the same loss.

75 Pa.C.S. § 1717 (emphasis supplied).

¶ 6 The policy issued to Neilson by Nationwide does not reference Section 1717 of the MVFRL but does provide[3], *inter alia:*

PRIORITIES OF POLICIES

We will pay first party benefits in accordance with the order of priorities set forth by law. We will not pay if there is other insurance at a higher level of priority, even if the limits of that insurance have been paid. The highest priority level listed below is the FIRST level which provides benefits for a named insured. The priority order is:

FIRST—For a named insured on any policy, the policy on which that person is the named insured.

less it was parked so as to cause unreasonable risk of injury.
(b) Multiple sources of equal priority.— The insurer against whom a claim is asserted first under the priorities set forth in subsection (a) shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim. If contribution is sought among insurers responsible under subsection (a)(4), proration shall be based on the number of involved motor vehicles.

75 Pa.C.S. § 1713.

3. The trial court astutely concluded that, while the holdings of *Manolakis* and *Laguna* would preclude receipt of income loss benefits under the Nationwide policy, that policy expressly provided for recovery under two policies of equal priority, for a total recovery capped by the limit of the Nationwide policy.

SECOND—For a relative, the policy covering the relative as an insured.

THIRD—For the occupants of an insured motor vehicle, the policy on that motor vehicle.

FOURTH—For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident.

## NO DUPLICATION OF BENEFITS; OTHER INSURANCE

In any occurrence where other similar auto insurance or self-insurance of **equal priority** to that provided in this coverage **is available and the claim is first presented to us**, we will process and pay the claim as if wholly responsible up to the limits of our policy. **The total limits available from all such insurance will be considered not to exceed the highest limits available from any one source of coverage.** (emphasis supplied) In no instance may an insured or legal representative recover duplicate benefits from the same elements of loss under this and other similar auto insurance or self-insurance.

¶ 7 Nationwide argues that, despite the express terms of the policy it issued to Mr. Neilson, it is precluded from paying income loss benefits to Mr. Neilson solely as a result of the application of Section 1717 as interpreted by this Court in *Manolakis* and *Laguna, supra.* Section 1717 prohibits "stacking the **limits** of coverage" to "increase" first party benefits. "Stacking", as described and prohibited by Section 1717 would, therefore, preclude the addition of the $5000 income loss benefits provided by the Allstate policy to the $25,000 income loss benefits provided by the Nationwide policy to obtain a total of $30,000 in income loss benefits. This, of course, is not what Mr. Neilson sought to do in the instant case. Rather, he sought to obtain a **total** of $25,000 in income loss benefits − the precise amount of income loss benefits under the Nationwide policy which he purchased and paid for − by collecting $5,000 from Allstate and $20,000 from Nationwide. Such a recovery is **not** "stacking" and is not prohibited by Section 1717 of the MVFRL.

¶ 8 The recovery sought in the instant case is, as noted by the trial court, precisely the same claim for benefits propounded by the appellant in *Manolakis.* This Court therein concluded the claim was prohibited under the "stacking" provision of the MVFRL. We, in this *en banc* decision, hold to the contrary, and, therefore, as earlier noted, expressly overrule *Manolakis* and that portion of *Laguna* discussing stacking of first party benefits.

 ¶ 9 In summary, we hold that, where a claim for first party benefits is made against one of several carriers of equal priority under 75 Pa.C.S. § 1713, and that carrier makes payment which exhausts the limits of its policy, a claim against another carrier of equal priority where the policy issued by that carrier provides for a higher limit of benefits, is permissible for the difference between the amount paid by the first carrier and the limits of the coverage provided by the second insurer at the same priority level.

¶ 10 Order affirmed.