**Thomas J. WHEELER, Appellant**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Submitted May 8, 2006.
Filed July 31, 2006.

Thomas M. Holmes, Scranton, for appellant.

Joseph G. McHale, Allentown, for appellee.

BEFORE: JOYCE, BENDER, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Appellant, Thomas Wheeler, appeals the order sustaining defendant Nationwide Mutual Fire Insurance Company's preliminary objections in the nature of a demurrer. Wheeler asserts that he is entitled to recover first party income loss benefits from the insurance policy covering the motor vehicle he was driving although he was not a named insured under the policy of insurance that covered that vehicle. For the following reasons, we affirm the trial court's order sustaining Nationwide's preliminary objections.

¶ 2 In September 2004, Wheeler was involved in an automobile accident in which he suffered numerous substantial personal injuries. At the time of the accident, Wheeler maintained a policy on his vehicle with Nationwide which was in full force and effect. This policy did not provide for income loss benefits. At the time of the accident, Wheeler was driving a vehicle owned by his mother and insured by Nationwide. The policy pertaining to this vehicle did provide income loss benefits in the amount of $5,000, and was in full force and effect on the day of the accident. Under this policy, Wheeler applied for income loss benefits. When Nationwide denied the claim, Wheeler filed this civil action, maintaining that he is entitled to receive income loss benefits under his mother's policy. In January 2005, Nationwide filed preliminary objections in the nature of a demurrer, contending that Wheeler is precluded from receiving income loss benefits based on Pennsylvania's Anti–Stacking statutes and the insurance policy in which Wheeler is the named insured. The trial court sustained Nationwide's demurrer. Wheeler now raises the following question for our review:

I. May the Plaintiff, Thomas J. Wheeler, who had no income loss coverage on his personal automobile policy on which he was the named insured, recover first party income loss benefits from the policy of insurance covering the motor vehicle he was driving at the time of the accident?

Brief for Appellant at 3.

¶ 3 Our scope of review is plenary when reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer. *See Glassmere Fuel Serv., Inc. v. Clear*, 900 A.2d 398, 401 (Pa.Super.2006). "In order to determine whether the trial court properly sustained Appellee's preliminary objections, this court must consider as true all of the well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts." *Id.* at 402. In conducting appellate review, preliminary objections may be sustained by the trial court only if the case is free and clear of doubt. *See Knight v. Northwest Sav. Bank*, 747 A.2d 384, 386 (Pa.Super.2000).

¶ 4 In the instant matter, Wheeler's argument is based on his interpretation of the Motor Vehicle Financial Responsibility Law (MVFRL), section 1713. That section specifies the priority to be accorded coverage available under multiple policies of insurance:

(a) **General rule.**—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

(1) For a named insured, the policy on which he is the named insured.

(2) For an insured, the policy covering the insured.

(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.

(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident. For the purpose of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident unless it was parked so as to cause unreasonable risk of injury.

**(b) Multiple sources of equal priority.**—The insurer against whom a claim is asserted first under the priorities set forth in subsection (a) shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim. If contribution is sought among insurers responsible under subsection (a)(4), proration shall be based on the number of involved motor vehicles.

75 Pa.C.S. § 1713. In support of his claim that this section allows him to claim benefits at an alternate priority level, Wheeler argues:

In that no income loss is recoverable under the policy for which Mr. Wheeler is the named insured, we thus proceed to the next applicable level which would be (a)(3). As is clearly set forth therein, the policy on the motor vehicle occupied by Mr. Wheeler at the time of the accident, his mother's Nissan Sentra X, would then come into effect.

Brief for Appellant at 11. Wheeler's assertion, however, is contrary to established case law. An insured is entitled to recover only from a source of highest priority, which would be the policy on which he is the named insured. Interpreting this section, this Court has stated that insureds are not entitled to receive benefits from multiple sources at different priority levels. We recognized that,

[t]his section creates a clear order of priority of first party benefits coverage. The provision of § 1713(b) regarding procedures to be followed in the event of multiple sources of coverage is limited to sources of equal priority. Since the statute explicitly treats the issue of multiple sources of coverage among insurers of equal priority, its silence regarding insurers at different priority levels indicates that contribution in this context is not an issue. The logical interpretation of the limitation of § 1713(b) to insurers at an equal priority level is that insureds are not entitled to benefits from multiple sources at different priority levels.

*Laguna v. Erie Ins. Group,* 370 Pa.Super. 308, 536 A.2d 419, 421 (1988) (overruled on other grounds by *Neilson v. Nationwide Ins. Co.,* 738 A.2d 490 (Pa.Super.1999)).

¶ 5 In the present case, Wheeler's only assertion is that the court's logic in *Neilson,* 738 A.2d 490, should apply even though admittedly, "the policies in question are at different levels of priority." Brief for Appellant at 12. Neither the facts of that case nor its reasoning, which hinges upon a claim for first party benefits being made against one of several carriers of equal priority, can be squared with the present case. In *Neilson,* the plaintiff claimed benefits against multiple policies on which he was the named insured. *See id.* Because Neilson was the named insured on both policies, both policies were at equal priority. *See id.* Further, recovery sought in that case was total income loss benefits equal to the highest limits of the greater policy. *See id.* In the instant matter, Wheeler seeks to recover income loss benefits from a single policy on which

he is not a named insured, placing him at a lower priority level. MVFRL section 1713 clearly establishes order of priority. Moreover, the principle that insureds are not entitled to receive benefits from multiple sources at different priority levels was further clarified in *Laguna*. *Neilson* specifically addressed a claim for first party benefits against several carriers of equal priority and is therefore not applicable to the case at hand. Wheeler fails to assert any additional cogent arguments for our review.

¶ 6 Because Nationwide's demurrer was sustained in accord with the Motor Vehicle Financial Responsibility Law, we find that the trial court did not err and, therefore, affirm the order sustaining Nationwide's preliminary objections.

¶ 7 Order **AFFIRMED.**