J. S33040/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHARLES R. COLLURA AND | : | IN THE SUPERIOR COURT OF |
| JENNIFER A. COLLURA, HIS WIFE; | : | PENNSYLVANIA |
| COLLURA EXCAVATING, LLC AND | : | |
| BELLA BAMBINI'S DAY CARE, LLC, | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| PEOPLES NEIGHBORHOOD BANK, | : | |
| A DIVISION OF PEOPLES SECURITY | : | |
| BANK AND TRUST COMPANY, | : | |
| PEOPLES SECURITY BANK AND TRUST | : | No. 2019 MDA 2018 |
| COMPANY, VANFLEET APPRAISALS, | : | |
| INC. AND ROBIN VANFLEET MORSE | : | |

Appeal from the Order Entered February 21, 2018,
in the Court of Common Pleas of Lackawanna County
Civil Division at No. 2017-00841

BEFORE:  LAZARUS, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 06, 2019**

Charles R. Collura and Jennifer A. Collura, his wife; Collura Excavating, LLC; and Bella Bambini's Day Care, LLC ("appellants") appeal from the February 21, 2018 order entered in the Court of Common Pleas of Lackawanna County that sustained the preliminary objections of Peoples Neighborhood Bank, a Division of Peoples Security Bank and Trust Company; and Peoples Security Bank and Trust Company (the banking entities will be collectively referred to as "lenders"); and VanFleet Appraisals, Inc.; and Robin VanFleet

Morse (VanFleet Appraisals, Inc. and Ms. Morse will be collectively referred to as "VanFleet") (all defendants below will be collectively referred to as "appellees") and dismissed appellants' complaint with prejudice. We affirm.

The record reflects that appellants instituted an action against appellees by filing a complaint on January 30, 2017, wherein they alleged breach of contract, breach of the implied covenant of good faith, and negligence against all appellees and included additional counts against lenders wherein they alleged breach of fiduciary duty, included a claim for accounting, and alleged interference with contract. The action arose from a $400,000 construction loan that appellants secured from lenders. The construction loan agreement contained a draw schedule that provided for the release of specified funds in accordance with construction-progress valuations that were to be completed by VanFleet. Appellants alleged that the second loan draw on January 30, 2013, fell short of the specified amount and that the shortfall forced appellants to use their own funds to finance the project. Appellants further alleged that the third loan draw also fell short. As a result of the shortfalls, appellants alleged that they were unable to finish construction, unable to operate their businesses, and unable to regain sufficient credit.

Although lenders and VanFleet filed separate preliminary objections, both included challenges to the trial court's jurisdiction based on untimely service of process. The trial court ultimately sustained appellees' preliminary objections and dismissed appellants' complaint with prejudice by order

entered February 21, 2018. The record reflects that on August 16, 2018, appellants filed a petition for leave to file an appeal *nunc pro tunc*. On November 20, 2018, the trial court granted the petition based on its acknowledgement that appellants never received the February 21, 2018 order because of a "clerical misstep" on the trial court's part. (Order of court, 11/20/18.) Appellants filed a timely notice of appeal. The trial court ordered appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants timely complied. The trial court then filed its Rule 1925(a) opinion wherein it relied upon the reasons it set forth in its February 21, 2018 opinion for sustaining appellees' preliminary objections and dismissing appellants' complaint with prejudice.

Appellants raise the following issues for our review:

[1.] Whether the [trial] court abused its discretion in sustaining the appellees' preliminary objections?

[2.] Whether the appellants' complaint was timely filed and served upon appellees to provide notice to meet due process?

[3.] Whether the appellants alleged sufficient facts to overcome dismissal at the early stage of litigation in violation of their constitutional rights?

Appellants' brief at 7 (full capitalization omitted).

> Our scope of review is plenary when reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer. *See Glassmere Fuel Serv., Inc. v. Clear*, 900 A.2d 398, 401 (Pa.Super. 2006). "In order to determine whether the trial court properly

> sustained Appellee's preliminary objections, this court must consider as true all of the well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts." ***Id.*** at 402. In conducting appellate review, preliminary objections may be sustained by the trial court only if the case is free and clear of doubt. ***See Knight v. Northwest Sav. Bank***, 747 A.2d 384, 386 (Pa.Super. 2000).

***Wheeler v. Nationwide Mut. Fire Ins. Co.***, 905 A.2d 504, 505 (Pa.Super. 2006), ***appeal denied***, 916 A.2d 1103 (Pa. 2007).

Appellants' first and second issues are interrelated. In those issues, appellants claim that the trial court abused its discretion in sustaining appellees' preliminary objections and dismissing their complaint with prejudice because lenders received actual notice of the complaint within the requisite time period and because appellants made a good-faith effort to serve lenders. We note that appellants advance no argument with respect to VanFleet. Consequently, appellants waive all claims against VanFleet for failure to advance a legal argument. ***See*** Pa.R.A.P.2119(a); ***see also Berg v. Georgetown Buildings, Inc.***, 822 A.2d 810,815 (Pa.Super. 2003) (reiterating that failure to comply with mandates of an appellate brief set forth in Rule 2991(a) results in waiver).

The trial court aptly summarized the following:

> There is no dispute that the Complaint was filed on January 30, 2017. Both [lenders] and [VanFleet] maintain that [appellants] failed to comply with the requirement that original process be served within thirty (30) days of the filing of the Complaint. [Appellants] do not dispute this but, rather, argue that

- 4 -

> on the very day of filing of the Complaint, a copy was e-mailed to counsel for the [lenders] together with a request for acceptance of service. It does not appear to be in dispute that the Complaint was not formally served on [lenders] or [VanFleet] until sometime in April, 2017.
>
> After the filing of the Complaint on January 30, 2017, the next docket activity appears on March 31, 2017 when [appellants] filed a Praecipe to Reinstate the Complaint. . . .

Trial court opinion, 2/21/18 at 5-6 (record citations omitted).

> [After the] Complaint was filed on January 30, 2017[,] [t]he only effort made to serve the Complaint pursuant to the Rules [of Civil Procedure] was to e-mail a copy of the Complaint together with a request for acceptance of service to [lenders'] counsel. It does not appear that any similar transmission or request was made to [VanFleet]. Counsel for [lenders] communicated that he was not authorized to accept service on behalf of his client. No other effort to serve process was made for two months until the Complaint was reissued on March 31, 2017 and served personally sometime in mid-April 2017. In the interim, the statute of limitations expired.

*Id.* at 8-9 (footnote omitted).

At the outset, we note that the trial court properly concluded that "the broadest limitations period available in the context of this Complaint" is four years, which applies to breach of contract claims. (*Id.* at 9 n.1.) *See* 42 Pa.C.S.A. 5525(a) (requiring that an action upon a contract be filed within four years). In their complaint, appellants aver that the breach occurred on January 30, 2013. (Appellants' complaint, 1/30/17 at 5, §§ 15-18.)

Appellants filed their complaint on January 30, 2017, which was the last day possible to do so before the statute of limitations expired.

Pennsylvania Rule of Civil Procedure 401(a) provides that original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint. Pa.R.Civ.P. 401(a). The rule also sets forth procedures to extend that period of time if service may not be made. *Id.* at (b)(1)-(5). When considering a case where service is delayed beyond the statute of limitations, our courts have read a "good faith" requirement into Rule 401; specifically, the filing of a complaint or a writ of summons "shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Sheets v. Liberty Homes, Inc.*, 823 A.2d 1016, 1019 (Pa.Super. 2003), quoting *Lamp v. Heyman*, 366 A.2d 882, 889 (Pa. 1976).

Our supreme court has held that

> *Lamp* requires of a plaintiff a good-faith effort to effectuate notice of commencement of the action. Although this good-faith requirement is not apparent from a reading of the rule itself, we interpret the rule mindful of the context in which it was announced. The purpose for the rule, as stated in *Lamp*, is to avoid the situation in which a plaintiff can bring an action, but by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

***Farinacci v. Beaver County Indus. Dev. Auth.***, 511 A.2d 757, 759 (Pa. 1986) (internal quotations omitted).

What constitutes a "good faith" effort to serve legal process is a matter to be assessed on a case-by-case basis. ***Moses v. T.N.T. Red Star Exp.***, 725 A.2d 792, 796 (Pa. Super. 1999). The determination of a good-faith effort lies within the discretion of the trial court. ***See McCreesh v. City of Philadelphia***, 888 A.2d 664, 672 (Pa. 2005). Simple neglect and mistake, or conduct that is unintentional that works to delay notice of the action, may constitute a lack of good faith on the part of the plaintiff. ***See Englert v. Fazio Mech. Services***, 932 A.2d 122, 124-125 (Pa.Super. 2007). It is unnecessary for the plaintiff's conduct to constitute bad faith or an overt attempt to delay before ***Lamp*** will apply. ***Id.*** "Lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations." ***Booher v. Olczak***, 797 A.2d 342, 345 (Pa.Super. 2002). Further, it is the plaintiff's burden to demonstrate that his efforts at service were reasonable. ***See Bigansky v. Thomas Jefferson Univ. Hosp.***, 658 A.2d 423, 433 (Pa.Super. 1995).

Moreover, our supreme court has embraced a "flexible" approach to the good-faith determination, "excusing plaintiffs' initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced." ***McCreesh***, 888 A.2d at 666, citing favorably ***Leidich v. Franklin***, 575 A.2d 914 (Pa.Super. 1990) (emphasis

added). Therefore, where a defendant has actual notice of an action, dismissal for lack of service will be appropriate "where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." **See McCreesh**, 888 A.2d at 674.

Here, appellants filed the complaint four years after the alleged breach of contract occurred and on the day that the statute of limitations was set to expire. The complaint was not served on lenders within 30 days of filing as required by Rule 401(a).[1] Appellants claim that lenders had actual notice of the complaint "by virtue that a time-stamped copy of the [c]omplaint was e-mailed to [lenders'] attorney of record." (**Id.** at 24.) There is no dispute, however, that counsel informed appellants that he was not authorized to accept service of process on behalf of lenders. (**See**, **e.g.**, appellants' "brief in opposition to the preliminary objections of [lenders] to plaintiffs' complaint and in support of plaintiffs' preliminary objections thereto," 6/23/17 at 2.) After that, appellants did nothing until March 31, 2017, at which time they filed a praecipe to reinstate the complaint. By that time, however, the statute of limitations had expired because appellants' failure to make a good-faith effort to effectuate service on lenders within the 30-day window that commenced on January 30, 2017, and ended on March 1, 2017, terminated

---

[1] The record reflects that lenders were served with a reinstated complaint on May 9, 2017.

the tolling of the limitations period. **See Ferrara v. Hoover**, 636 A.2d 1151, 1152 (Pa.Super. 1994) (stating that "a plaintiff's failure to make a good faith effort to notify the defendant will serve to nullify both the commencement of the action and the tolling of the statute of limitations" (citation, quotation marks, and brackets omitted)).

Appellants nevertheless claim that lenders failed to demonstrate that they suffered prejudice. (Appellants' brief at 21.) Appellants rely upon **McCreesh** to support this contention. **McCreesh**, however, is inapposite, because (1) appellants did not establish that they engaged in a good-faith effort to effectuate service of process on appellees in a timely manner; (2) service was not effectuated within the statute of limitations; and (3) there was no actual notice of the commencement of the litigation. Accordingly, we need not examine the prejudice prong of the analysis.[2] **See McCreesh**, 888 A.2d at 671-674; **see also Englert**, 932 A.2d at 124-125 (holding that where no actual notice occurred, a prejudice analysis will not be reached).

---

[2] We nevertheless note that where, as here, actual notice is not provided until the applicable statute of limitations has expired, the defendant suffers prejudice because of the delay. **See Englert**, 932 A.2d at 127 (concluding that appellees were prejudiced because they were not provided actual notice of the action until after the statute of limitations had expired); **see also McCreesh**, 888 A.2d at 671 (stating that the purpose of the statute of limitations is to expedite litigation and discourage the presentation of stale claims that would prejudice the defense of such claims).

We further note that in light of our disposition, we need not address appellants' third claim of error.

Therefore, our review of the record compels the conclusion that the trial court properly sustained appellees' preliminary objections and dismissed appellants' complaint with prejudice because appellants failed to demonstrate a good-faith effort to effectuate service within the 30-day tolling period, and consequently, the trial court lacked jurisdiction over appellees.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2019